

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-4163
Re: Whether or not stamps under
Art. 7047e, V.A.C.S., are re-
quired on a mortgage instru-
ment securing notes given for
interest that has accrued on
a note secured by a mortgage
previously recorded with stamps.

This is in reply to the request from your depart-
ment for an opinion, in which the facts and the question
were stated as follows:

"A Loan Company files a deed of trust creat-
ing a first lien on some property, and the State
Note Tax is paid on the consideration named in
the deed of trust. At a short interval a second
deed of trust for a second lien on the same pro-
perty is presented for filling. This latter in-
strument covers notes taken by the loan company
for interest or part of the interest on the ori-
ginal loan. In other words, they take a second
lien to secure interest notes, which are used to
foreclose upon in case foreclosure comes around.
Should the second Deed of Trust have the note
stamp tax paid on the amount named?"

The statute that applies to this question is Arti-
cle 7047e, Vernon's Annotated Revised Civil Statutes of Texas,
which reads in part as follows:

"(a) Except as herein otherwise provided,
there is hereby levied and assessed a tax of ten
(10¢) cents on each One Hundred ($100.00) Dollars
or fraction thereof, over the first Two Hundred
($200.00) Dollars, on all notes and obligations
secured by chattel mortgage, deed of trust, me-
chanic's lien contract, vendor's lien, conditional

sales contract and all instruments of a similar
nature which are filed or recorded in the office
of the County Clerk under the Registration Laws
of this State; provided that no tax shall be
levied on instruments securing an amount of Two
Hundred ($200.00) Dollars, or less. After the
effective date of this Act, except as herein-
after provided, no such instrument shall be filed
or recorded by any County Clerk in this State
until there has been affixed to such instrument
stamps in accordance with the provisions of this
section; providing further that should the instru-
ment filed in the office of the County Clerk be
security of an obligation that has property pledged
as security in a State or States other than Texas,
the tax shall be based upon the reasonable cash
value of all property pledged in Texas in the pro-
portion that said property in Texas bears to the
total value of the property securing the obliga-
tion; and providing further, that except as to
renewals or extensions of accrued interest, the
provisions of this section shall not apply to
instruments given in renewal or extensions of in-
struments therefore stamped under the provisions
of this Act or the one amended hereby, and shall
not apply to instruments given in the refunding
of existing bonds or obligations where the pre-
ceding instrument of security was stamped in
accordance with this Act, or the one amended
hereby; provided further that the tax levied in
this Act shall apply to only one instrument, the
one of the greatest denomination, where several
instruments are contemporaneously executed to se-
cure one obligation; and provided further that
when once stamped as provided herein, an instru-
ment may be recorded in any number of Counties
in this State without again being so stamped.
This section shall not apply to instruments,
notes, or other obligations taken by or on behalf
of the United States or of the State of Texas,
or any corporate agency or instrumentality of the
United States or of the State of Texas, in carry-
ing out a governmental purpose as expressed in
any Act of the Congress of the United States or
of the Legislature of the State of Texas, nor
shall this section apply to instruments, notes or
other obligations taken by or on behalf of National
Banking Associations organized under the laws of

the United States, nor instruments, notes or
other obligations taken by or on behalf of State
Banking Corporations of the State of Texas cre-
ated under Title 16 of the Revised Civil Statutes
of Texas, nor shall the provisions of this sec-
tion apply to obligations or instruments secured
by liens on crops and farm or agricultural pro-
ducts, or to livestock or farm implements, or on
abstract of judgment.

"If the amount secured by an instrument is
not expressed therein, or if any part of the se-
curity described in any such instrument appears
to be located without the State of Texas, the
County Clerk shall require proof by written affi-
davits of such facts as may be necessary to de-
termine the amount of the tax due.

"(b) Payment of the tax as hereby levied
shall be evidenced by affixing the stamps herein
provided for, to all instruments included within
the provisions of the Act; and it shall be the
duty of the State Treasurer at all times to keep
a supply of such stamps on hand for sale to any
person upon demand and payment therefor, and the
State Treasurer shall at the request of any County
Clerk of the State of Texas consign said stamps
to the different County Clerks. . . ."

This is a tax on the privilege of having a lien
recorded under the registration law of the state, and it
is measured by the principal amount of the obligation se-
cured. City of Abilene v. Fryar, 143 S. W. (2d)654.

When the first deed of trust was recorded in this
case the amount of the tax was calculated on the principal
amount of the debt secured, without regard to interest that
was to accrue, that is, it was calculated on the amount of
the debt as it existed at that time. The second deed of
trust was to secure a new indebtedness. Although it was
an indebtedness that represents the interest that accrued
on the first note secured by the first deed of trust, it
had not accrued and therefore did not exist when the first
deed of trust was recorded.

We have heretofore stated in Attorney General's
Opinion No. O-3128, dated February 18, 1941, that in a case
in which a lien instrument securing a note has been properly

stamped and that note is renewed and a new lien instrument is recorded that the amount of the new note that "represents other money advanced or interest accrued on the original indebtedness" should be the amount on which the stamp tax on the second lien instrument should be calculated.

Our answer to your question is that the second deed of trust you ask about is subject to the note stamp tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)    Cecil C. Rotsch
                    Assistant

APPROVED DEC. 30, 1941

(s)  Grover Sellers
First Assistant Attorney General

APPROVED
Opinion Committee
By  B. W. B.   Chairman

CCR:mp